UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 21 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) | ENTERED |
| Plaintiff, ) | JUL 21 1999 |
| vs. ) | CV 99-L-0350-S |
| 0.254 ACRES OF LAND LOCATED IN MORGAN COUNTY, ALABAMA; ) | |
| RE: MORGAN TRACT NO. 28 Owner: Richard Collier ) | |

## MEMORANDUM OPINION

I.    Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendant. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendant's objections to the Report of Commissioners, and this court's findings.

II.    Damages Awarded For The Permanent Easement ($3,810)

The Commissioners awarded $3,810 in the permanent pipeline easement by deriving that the .254 acres taken was worth $15,000 an acre. Defendant objects to the $15,000 per

9

acre valuation of the property claiming that the Commissioners disproportionately relied on plaintiff's witnesses and that defendant offered testimony that the property was worth $20,000 an acre.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (See pp. 8-9). The court finds that the defendant's testimony offered for the valuation per acre was not based on any calculation and was solely an opinion. The court finds that the commissioner's $15,000 valuation per acre was not clearly erroneous. Therefore, the court holds that the $3,810 awarded is "just compensation" for the .254 acre tract subject to the permanent easement.

III.     Amount Awarded For Timber Damage ($330)

The Commissioners recommended that damage to timber in the easement amounted to $330. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

IV.   <u>Damage To The Remaining Property</u> ($11,250)

The Commission recommended that landowners be awarded $11,250 for the damage to the remaining property by the pipeline cutting off the portion at the northwestern corner of the property. Defendant objects to this award, arguing that the Commissioners disproportionately relied upon the plaintiff's witness and that defendants offered testimony that the total damage to the property would be $50,333, and that approximately one-half of that damage was for damage to the remaining property. The court finds that the Commission did consider both the isolated northwestern portion of the property and defendant's testimony when determining the amount of the damage award to be $11,250. The court also finds that this $11,200 amount is not clearly erroneous. Thus, the Commission's $11,200 award for the damage to the remaining property is approved and adopted as the findings of the court.

V.   <u>Amount Awarded For The Temporary Easement</u> ($862)

The Commissioners awarded $862 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI.   <u>Conclusion</u>

The Commissioners have recommended an award to the owner of Morgan Tract 28 in the amount of <u>$17,252</u>. In view of the foregoing discussion, the court has decided to adopt such award, and a separate judgment will be entered in the amount of <u>$17,252</u> as just

compensation for the taking of the above-described easement. This Judgment is final as to plaintiff and Richard Collier, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this  16  day of July, 1999.

_Seybourn H. Lynne_
Senior Judge